Leona LANOY *v.* Charles L. DANIELS, Director of Labor for the State of Arkansas et al

80-205                                            611 S.W. 2d 524
Supreme Court of Arkansas
Opinion delivered February 16, 1981

*Youngdahl & Larrison*, by: *Deborah S. Groban*, for appellant.

*Thelma Lorenzo*, for appellees.

*James R. Cromwell*, for amicus curiae, Central Arkansas Legal Services.

DARRELL HICKMAN, Justice. This is an Employment Security Division case that was certified to us by the Arkansas Court of Appeals because it concerns interpretation of an Arkansas statute.

There is only one issue presented in this appeal and it is purely a question of law. Does Arkansas law provide for partial unemployment benefits where a worker is unemployed for part of the work week and is unavailable for work when work is offered during the remainder of that week? The Board of Review found that partial payments were not authorized because the employee was not "available" for work the rest of the week. The circuit court agreed and we affirm the judgment.

The facts are not in dispute. Leona Lanoy was employed by the Morrilton Plastics Company in Morrilton, Arkansas, where her regular work week was five days. The first four days of the week in question Lanoy was available for work but was laid off due to a lack of work. On Friday, October 6th, she reported for work but after an hour and forty-five minutes received a telephone call regarding the death of her brother and she left work.

Lanoy argues that Ark. Stat. Ann. § 81-1103(m)(1)(B) made her eligible to draw unemployment compensation for the week ending October 7th regardless of whether she was "available" for work on Friday or not. The appellee, Charles

L. Daniels, Director of Labor, relies on Ark. Stat. Ann. § 81-1105 (c) and argues that partial payments are not authorized by Arkansas law where the worker is not "available" for work during an *entire* week. Since Lanoy was not available for work on Friday, it is argued that she was not entitled to that week's unemployment benefits.

This is presented to us as a purely legal question. The Central Arkansas Legal Services has filed an amicus curiae brief supporting Lanoy's appeal. It is not disputed that responsible state agencies have consistently interpreted the availability provision of the Arkansas law as requiring that claimants be available for work or in the labor market during the entire work week for which they claim benefits in order to be eligible for unemployment benefits for that week.

Whether Lanoy had good reason for leaving her job Friday is not in issue. The appellant concedes for purposes of appeal that the question is not what happened on Friday but whether benefits may be paid for the four days of unemployment.

We conclude that the Arkansas law does not provide for partial benefits under these circumstances. Throughout the Arkansas statutes a week is referred to as the measuring time for benefits. For example, § 81-1105 says, "An insured worker shall be eligible to receive benefits with respect to *any week* only if the director finds that . . ." [Emphasis added.] Ark. Stat. Ann. § 81-1104(c) is styled, *"Weekly* benefits for unemployment" [Emphasis added] and states: "For all claims filed on and after July 1, 1971, any insured worker who is unemployed in *any week* as defined in Section 2 (m) [§ 81-1103(m)] and who meets the eligibility requirements of Section 4 [§ 81-1105] shall be paid with respect to such week . . ." [Emphasis added.] The next paragraph, styled "Duration of benefits,", also speaks of *weekly* benefit amount.

The appellee argues that § 81-1105(c) controls because it says "Such worker is unemployed, physically and mentally able to perform suitable work and is *available* for such work." [Emphasis added.] The appellant concedes that she was not available on Friday but argues that this situation is not con-

trolling because Ark. Stat. Ann. § 81-1103(m)(1) reads:

> [A]n individual shall be deemed 'unemployed' with respect to any week during which he performs no services and with respect to which no wages are payable to him, or with respect to any week of less than full time work if the wages payable to him with respect to such week are less than 140% of his weekly benefit amount.

We cannot read out of the statute the availability requirement. Even though a worker can get compensation for a week during which the worker performed some work under some circumstances, a worker is not "unemployed" by law unless available for work. The appellant argues Ark. Stat. Ann. § 81-1103(m)(1) and a liberal interpretation of the statute would permit us to order at least pro-rata benefits.

We conclude that the situation cannot be stretched, even with a liberal interpretation, to fit the appellant's case. This is especially true in view of a long-standing policy against such a practice.

Affirmed.

PURTLE and HAYS, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I cannot agree with the majority because they read into the Employment Security Act (Ark. Stat. Ann. §§ 81-1101 − 81-1108, §§ 81-1111 − 81-1121) a requirement that an employee who is involuntarily out of work must remain so for a period of one full week before becoming eligible for benefits. I cannot find any prohibition in the act against eligibility for a partial week. There is no dispute in the present case that the appellant was out of work for four days, and it was because her employer did not have work for her. The claim is for four days.

It is our practice to interpret such statutes as this in a liberal manner favoring the employee. In fact, a narrow construction, which I think the majority gives, of the act would defeat the very purpose for which it was established. *Harmon* v. *Laney*, 239 Ark. 603, 393 S.W. 2d 273 (1965). In *Harmon* the

court interpreted the Arkansas Employment Security Act and Title 3 of the Social Security Act of the United States as being established for the purpose of "alleviating economic insecurity" and for the benefit of those "unemployed through no fault of their own." Therefore, I would allow a partial week's unemployment benefits to the appellant.

HAYS, J., joins in this dissent.