Alfonzo WASHINGTON *v.* William F. EVERETT, Director of Labor, and DRAVO STEELSHIP

E 81-316                                   639 S.W.2d 57

Court of Appeals of Arkansas
Opinion delivered August 25, 1982
[Supplemental Opinion on Denial of Rehearing September 29, 1982.]

*John L. Kearney,* for appellant.

*Alinda Andrews,* for appellees.

TOM GLAZE, Judge. Claimant appeals the Board of Review's denial of benefits and its finding that he was discharged from his last work for misconduct in connection with the work. The question we must decide is whether there is substantial evidence to support the Board's decision.

The relevant facts are not disputed. Claimant was discharged for violation of company rules. The company alleged that he falsified a doctor's statement in order to get an early paycheck. Claimant had advised company officials that he had a dental appointment in the office of Dr. Sam Harris on May 22, 1981. Claimant testified that on this date the receptionist for the company informed him that his sister had called to remind him of the appointment. The receptionist never testified, but a phone-o-gram, made a part of the record, reflects confirmation of the appointment by Dr. Harris' office. Why the receptionist completed the phone-o-gram in this fashion was never made clear. The claimant received his payroll check early, before leaving work to go to the dentist. Apparently, he found Dr. Sam Harris' office was closed so he went to another dentist, Dr. W. L. Malette. Sometime on May 22, a company representative called the office of Dr. Harris and found it closed. Based on this information, the company discharged the claimant on June 2, 1981, the day he returned to work after his vacation. Although he possessed a $10 receipt and certificate to return to work which were signed by Dr. Malette on May 22, 1981, claimant testified the employer did not allow him an opportunity to show these documents. Claimant alleges that he was fired, in reality, because of his pro-union activities and because he had filed charges against the employer with the EEOC several months earlier.

From the record, we fail to find any evidence to support the Board's decision to deny benefits. Claimant was discharged for falsifying a doctor's statement in order to get an early paycheck. We have searched the record and nowhere can we find any doctor's statement, false or otherwise, which

could have been used to obtain an early paycheck. The phone-o-gram previously mentioned is the only document we can find that the Board may have considered to be a "false statement," and it was prepared by the company's receptionist, who never testified. This document, by itself, does not rebut claimant's testimony that he had a dental appointment on May 22, that the receptionist told him his sister called to remind him of the appointment and that he obviously misunderstood Dr. Harris' appointment secretary regarding the May 22 date.

The evidence shows the claimant did see a dentist on May 22, 1981. The fact that he went to see Dr. Malette instead of Dr. Harris has no relevance. Nothing in the record reflects that the claimant would have been denied his paycheck if his original appointment had been with Dr. Malette rather than Dr. Harris. The fact is that, for whatever reason, he was unable to keep the appointment with Dr. Harris, but he did see Dr. Malette on May 22. Consistent with the Appeal Tribunal's decision in this case, we find that the evidence overwhelmingly supports the fact that he was discharged from work for reasons other than misconduct. Therefore, we reverse and remand this cause with directions to reinstate benefits to the claimant.

A second issue is raised in this appeal. The Agency had found the claimant ineligible to receive benefits from the week ending May 30, 1981, through the week ending June 13, 1981, because he was not fully available for work as required under Ark. Stat. Ann. § 81-1105 (c). The Appeal Tribunal upheld the Agency decision, finding claimant was not available for work because of car problems. The Board affirmed that decision, but extended the ineligibility to June 20, 1981. We cannot agree.

The record reflects that the claimant missed a benefit rights interview at the Agency which was scheduled for June 17, 1981. Apparently, both the Appeal Tribunal and the Board of Review agree that he did not attend that interview because his car was inoperable. However, he did go to the Agency's office on the 17th after he repaired his car, only to find the interview and benefits film had been shown. We can

find nothing in the record that shows the claimant was to appear at the Agency's office at a scheduled time of the day. He was directed by Agency personnel to come back on another day. He later viewed the benefits film on June 24, 1981.

The facts in this case fail to support the Board's conclusion that the claimant was not physically available for work during the period it found him ineligible to draw benefits. We are not unmindful of *Lanoy* v. *Daniels,* 271 Ark. 922, 611 S.W.2d 524 (1981), wherein the Supreme Court held that claimants must be available for work or in the labor market during the entire week for which they claim benefits in order to be eligible for unemployment benefits for that week. In *Lanoy,* the claimant had been laid off the first four days of the week and on Friday she returned to work. However, after working one hour and forty-five minutes, she left work because her brother died. Here, nothing in the record shows that claimant had any employment to leave or that he was offered any. If he had been offered employment, there is no reason to believe he could not have accepted and been available to work. The most the evidence shows is that the claimant appeared at the Agency's office too late to participate in the interview and the benefits film. Although he experienced mechanical car problems on June 17, he promptly had his car repaired and made himself available to the Agency.

We reverse the Board's decision on this point and remand with directions to reinstate benefits for the claimant.

Reversed and remanded.

MAYFIELD, C.J., and CLONINGER, J., dissent.

Supplemental Opinion on Denial of Rehearing
delivered September 29, 1982

TOM GLAZE, Judge. Two legal issues were raised in this case, and in its petition for rehearing, appellee contends we erred regarding the second issue, *viz.,* whether appellant was fully available for work as required under Ark. Stat. Ann. § 81-1105 (c). The Board found that he was not, and we reversed.

No briefs were submitted by the parties in the original determination of this case, but appellee does submit a brief in support of its petition for rehearing.

In our original opinion, we cited the case of *Lanoy* v. *Daniels,* 271 Ark. 922, 611 S.W.2d 524 (1981). We attempted to distinguish that case from the facts at bar, and in doing so, appellee contends we imposed a requirement not provided for in § 81-1105 (c), *i.e.,* a claimant must be employed or offered employment before disqualification can occur under § 81-1105 (c). Since this is not our intent, we wish to amplify our decision concerning this second issue.

The facts in *Lanoy* are substantially different from those posed here. In *Lanoy,* the claimant had been laid off by her employer. In determining eligibility for benefits, the Board found she was available for work the first four days of the week in question. She conceded, however, that she was not available on the fifth day (Friday) because she left work because she learned her brother died. Since she was unavailable one day of the week, the Supreme Court denied benefits, holding § 81-1105 (c) required her to be available for work or in the labor market during the entire work week for which she claimed benefits in order to be eligible for unemployment benefits for that week.

In the instant case, appellant never conceded that he was unavailable. It is true that the evidence shows that he missed his benefits rights interview on June 17, 1981, because of car problems. However, this fact alone fails to establish appellant was unavailable for work as contemplated under § 81-1105 (c). Undisputedly, appellant ap-

peared at the Agency's office on June 17 at which time he was directed to return for the interview at a later date.

Clearly, appellant was present at the Agency's office on June 17 albeit late for any one of three interviews conducted during the day. Although appellee argues to the contrary, there is nothing in the record that shows appellant was to be at the office at a designated time on June 17 or that he was to be present at a specific scheduled benefits interview. On the facts of this case, appellant was not shown to be unavailable to work, and the facts are decidedly distinguishable from those posed in *Lanoy*.

MAYFIELD, C.J., concurs.

MELVIN MAYFIELD, Chief Judge, concurring. I concur in today's supplemental opinion on rehearing. My dissent to the original opinion was based upon my view that the decision of the Board of Review was supported by substantial evidence and should be affirmed.